# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4065 | **DATE** | 9/9/2004 |
| **CASE TITLE** | Kym Lobzun vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff Kym Lobzun's motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure and the equitable jurisdiction of the court (1-1) is denied. Case closed. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 13 2004 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/9/2004 date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | CW6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KYM LOBZUN, | ) |
| | ) |
| Plaintiff, | ) No. 04 C 4065 |
| | ) Paul E. Plunkett, Senior Judge |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

SEP 1 3 2004

## MEMORANDUM OPINION AND ORDER

Kym Lobzun ("Lobzun") has moved for return of property pursuant to Federal Rule of Criminal Procedure ("Rule") 41(g) and the equitable jurisdiction of this Court. The government has filed a response. For the following reasons, Lobzun's motion is denied.

## BACKGROUND[1]

On September 3, 2003, law enforcement officers from the United States Drug Enforcement Administration (the "DEA") seized $379,931 in United States currency from Lobzun in Chicago. At the time of the seizure, Lobzun received a form entitled "Address Acknowledgement Receipt For Seized Property" (the "Receipt"). (Michael Decl. Ex. A.) The Receipt listed the amount of currency seized, the date of the seizure, the DEA case number and the address of the DEA's Office of Chief Counsel of the Asset Forfeiture Section. The Receipt advised Lobzun that the DEA may seek

---

[1] The following is taken from Lobzun's memorandum of law in support of her motion, the supporting documentation Lobzun submitted with her motion and the government's response. The government does not concede that this version of the facts is accurate, but bases its response on the facts as presented by Lobzun.

forfeiture of the seized currency and, in that case, the DEA would provide her with written notice. To facilitate receipt of the notice, the Receipt directed Lobzun to write her mailing address in the space provided. She indicated that her mailing address was 257 W. King Edward, Vancouver, British Columbia, V54 2J1. The Receipt also stated that any questions regarding the DEA's notice of intent to forfeit be directed to the Office of Chief Counsel, Asset Forfeiture Section. No criminal charges were filed against Lobzun relating to the seizure of the funds.

In early October 2003, Lobzun received at least two telephone messages from DEA Special Agent Ken Pavlina ("Pavlina") of the Chicago Office. Lobzun's attorney in Canada, John Conroy ("Conroy") returned Pavlina's telephone calls. Conroy says that he told Pavlina he was representing Lobzun and gave Pavlina his contact information. (Conroy Decl. ¶5.) Pavlina told Conroy that the DEA would send a notice of seizure ("Notice") pertaining to the seized funds. (Id.)

The DEA sent a Notice to Lobzun by certified mail, return receipt requested. The Notice was addressed to Lobzun at 257 W. King Edward, Vancouver, British Columbia, V54 2J1, the same address that Lobzun provided on the Receipt. The Notice provided information about the administrative forfeiture procedures that were underway and the process to contest them. A request for remission or mitigation of the forfeiture had to be filed within thirty days of receipt of the Notice. A claim to contest the forfeiture had to be filed by November 11, 2003. The certified mail return receipt indicates that the Notice was signed for on November 3, 2003. The signature on the return receipt, in the space marked "signature of addressee," is illegible. Lobzun says she resided at 257 W. King Edward on November 3, 2003.

On December 22, 2003, Conroy called Pavlina and left him a message, telling Pavlina that Lobzun had not received any notice regarding the seized funds. Pavlina returned Conroy's call on

2

December 29 and left a message stating that the DEA's records showed that Lobzun received the Notice on November 3, 2003. (Conroy Decl. ¶ 6.) The DEA received no claims as to the seized funds and so the funds were administratively forfeited on January 5, 2004.

Pavlina left Conroy a voice mail message on January 7, 2004, to confirm that Conroy had received Pavlina's prior message. Conroy returned Pavlina's call, and left him a voice mail message saying that Lobzun still had not received any notice about the seized currency and asking for Pavlina to provide him with a copy of the Notice that was sent. The next day, Pavlina faxed a copy of the DEA Notice used in another case. Also on January 8, 2004, the Asset Forfeiture Section of the DEA sent Conroy a copy of the Notice sent to Lobzun and a copy of the certified mail return receipt used in connection with the Notice. The correspondence from the Asset Forfeiture Section was not received by Conroy until January 28, 2004.

Shortly after January 8, Conroy consulted an attorney based in California, David Michael ("Michael"). Michael contacted an attorney in the Asset Forfeiture Section ("DEA Forfeiture Counsel") by phone and then by mail on January 22, 2004, stating that Lobzun never received notice of the forfeiture and that the DEA was told by Conroy that Lobzun never received it. Michael asked for copies of all the documentation relating to the matter.

After having received copies of the documentation, Michael drafted a second letter to the DEA Forfeiture Counsel on February 9, 2004. In his letter, Michael noted that the signature on the certified mail return receipt was not that of Lobzun and reminded the DEA that it had been aware since November 3, 2003, that Lobzun never received the Notice that was sent. Michael requested that the DEA set aside the administrative forfeiture and allow Lobzun a reasonable time to file an administrative claim. The DEA Forfeiture Counsel responded, writing that although the notice

provided to Lobzun was legally adequate, the DEA would give Lobzun thirty days to file a petition for remission of the funds. The letter also stated that if Lobzun filed an administrative claim, it would be treated as late and processed accordingly. Lobzun then filed this motion.

**Discussion**

The first matter we must address is whether we have jurisdiction to consider Lobzun's motion. Our court of appeals has said that the jurisdiction of the district courts over forfeitures of certain types of property is limited. *Linarez v. United States*, 2 F.3d 208, 211-12 (7th Cir. 1993). One of these types of property is United States currency of $500,000 or less. *See* 19 U.S.C. § 1607 (West 1999). When the agency that seized the property initiates administrative forfeiture proceedings, the district court is divested of its jurisdiction over those proceedings. *Id.* Unless an interested party files a claim of interest and posts a bond with the agency within twenty days of the date of the first publication of the notice of seizure pursuant to 19 U.S.C. § 1608 and 21 C.F.R. § 1316.76, the forfeiture process continues administratively and the district court remains without jurisdiction over the process. *Linarez*, 2 F.3d at 211-12.

In this case, the DEA initiated administrative forfeiture proceedings of the $379,931 seized, and Lobzun failed to file a claim of interest in the property and post a bond. Therefore, we have no jurisdiction to inquire into the propriety of the forfeiture itself. *See Chairez v. United States*, 355 F.3d 1099, 1101 (7th Cir. 2004) (because plaintiff never filed a claim for the seized money before the forfeiture, the district court could not inquire into the propriety of the forfeiture). Lobzun does not, however, directly challenge the forfeiture; rather, she argues that the government's notice to her regarding the forfeiture did not satisfy constitutional requirements of due process. District courts

4

always have "jurisdiction to review whether the notice given in the administrative forfeiture proceeding afforded the claimant constitutional due process." *Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000). Accordingly, we can consider Lobzun's motion.[2]

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). *See also Garcia*, 235 F.3d at 291 (reaffirming application of *Mullane* standard for due process challenges to administrative forfeiture proceedings). The adequacy of the notice is typically measured at the time the notice was sent. *See Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000). Actual notice is not required, "so long as the government 'acted reasonably in selecting means likely to inform persons affected.'" *Id.* (quoting *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)).

It is clear here that at the time it was sent, the Notice was reasonably calculated to apprise Lobzun of the forfeiture proceedings. *See Garcia*, 235 F. 3d at 290 (noting that "written notice of forfeiture by certified mail to the claimant's residence generally satisfies due process even if the claimant does not receive actual notice"). The Notice was sent to the same address that Lobzun provided as her proper mailing address on the Receipt. Lobzun argues, however, that subsequent events made it clear to the government that she had not received the Notice and, therefore, the government was obligated to cure the defect and provide her with a second notice, or at least a copy

---

[2] Federal Rule of Criminal Procedure 41(g), the Rule cited by Lobzun to bring this motion, is used when a party seeks the return of property seized without probable cause, property held for an unreasonable length of time or property no longer needed as evidence once criminal proceedings have concluded. *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). Challenges to administrative forfeitures on due process grounds are not founded on Rule 41(g), even though they seek the same relief. *See United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004).

5

of the original Notice prior to the administrative forfeiture, to allow her the opportunity to contest the forfeiture.

The government says that Lobzun is really arguing that she did not receive actual notice, and that the Supreme Court, citing *Dusenberry v. United States*, 534 U.S. 161 (2002), has made it clear that due process does not require actual notice. It argues that, by sending the Notice certified mail to the same address that Lobzun provided in September 2003 when the currency was seized and receiving a signed return receipt, its notice of the pending forfeiture proceedings satisfied due process requirements.

Lobzun believes that the circumstances present here are nearly identical to those in *Garcia v. Meza*, 235 F.3d 287 (7th Cir. 2000) and that the same result should apply. The *Garcia* case involved an administrative forfeiture proceeding relating to seized currency where written notice of the proceeding was sent to the plaintiffs via Federal Express and returned to the government five days later marked undeliverable. At the same time, the plaintiffs were actively pursuing the seized currency through other administrative and judicial proceedings. The government administratively forfeited the plaintiff's property three months after the notice sent via Federal Express was returned. Our court of appeals held that, under these circumstances, the written notice provided via Federal Express did not meet the minimum due process standards of *Mullane*. *Garcia*, 235 F.3d at 291.

But the facts here are not as similar to those in *Garcia* as Lobzun insists. Lobzun says that the government knew on December 22, 2003, two weeks before the funds were administratively forfeited, that Lobzun had not received notice of the forfeiture proceedings. But the description Lobzun provides of the substance of the voice mail exchanges between Conroy and Pavlina does not support that conclusion. Conroy's December 22 phone message was a follow-up to Conroy and

6

Pavlina's October conversation where they discussed, in general terms, that a notice of seizure would be sent to Lobzun. As Lobzun describes it, when Pavlina returned Conroy's call on December 29, Pavlina believed, and reasonably so, that Lobzun had, in fact, received the Notice in November. He told Conroy that the DEA's records showed that Lobzun received the Notice. No further communication between Conroy and Pavlina occurred until January 7, 2004, when Pavlina left a message for Conroy. Pavlina was not aware until January 7 at the earliest that Lobzun had not received the Notice that was sent and signed for.[3] At that time, the administrative forfeiture proceedings had concluded. Of significance to the court in *Garcia* were the facts that the government knew three months before it administratively forfeited the property that the plaintiff had never received notice and that the government was involved in extended litigation with the plaintiffs over the seized currency so that another attempt at written notice would have been reasonable and not too burdensome. *Id.* These factors are not present here. Quite the contrary. Here the government sent a notice to the correct address and received a return receipt, which clearly indicated the claimant had received notice. While it certainly would have been appropriate for the government to start the notice process over once it had been advised no notice was received, we cannot conclude, based on applicable law, that it was required by the strictures of due process to do so.

The *Garcia* decision is instructive, though, in that the court declined to adopt any per se rules. *Id.* "We decline to adopt a per se rule which only examines notice at the time it was sent and turns a blind eye to subsequent events. On the other hand, we also decline to impose an affirmative duty

---

[3] We do not mean to suggest that, if Pavlina was made aware on December 22 that Lobzun failed to receive the Notice that was actually sent, the result would be any different. In addition, the Receipt Lobzun received in September 2003 provided an address, that of the Office of Chief Counsel of the DEA's Asset Forfeiture Section, where one should direct questions regarding the DEA's notice of intent to forfeit the property. According to Lobzun's memorandum of law in support of her motion, neither Conroy nor Lobzun ever contacted the Asset Forfeiture Section.

7

upon the government... to require actual notice in every case." *Id.* The proper approach, said the court, is a fact-based analysis under the standard set forth in *Mullane*, which requires a consideration of all the circumstances of each case.

The government has satisfied the due process standard set forth in *Mullane* because the Notice sent to Lobzun was reasonably calculated, under the circumstances, to apprise her of the forfeiture proceedings. The Notice was sent, via certified mail, to the same address that Lobzun herself provided at the time the currency was seized in September 2003. At the time the Notice was mailed, the DEA had no reason to suspect that Lobzun would not receive it. The Notice was not returned undelivered; a signed return receipt indicated that the Notice was received by Lobzun at the 257 W. King Edward address on November 3, 2003. Prior to the conclusion of the forfeiture proceedings, the government was justified in believing notice had been served, the call from the claimant's attorney notwithstanding.

## Conclusion

For the reasons stated above, Lobzun's motion for return of property is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT**

DATED: **SEP - 9 2004**